UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY CARL BURKHARDT | CIVIL ACTION |
| VERSUS | NO. 25-2293 |
| ORLEANS PARISH JUSTICE CENTER, ET AL. | SECTION "T" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Stanley Burkhardt has filed a Motion to Voluntarily Dismiss Case requesting that the Court dismiss his claims against all defendants without prejudice as the facts giving rise to his claims have resolved. ECF No. 4 at 1. Burkhardt also requests that, in light of his voluntary dismissal, his motion to proceed *in forma pauperis* also be dismissed and that the future withdrawals from his inmate trust fund account cease. *Id*.

### I.   FACTUAL BACKGROUND

Burkhardt, an inmate incarcerated at Orleans Justice Center, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against defendants Orleans Justice Center and Sheriff Susan Hutson challenging the conditions of his confinement. ECF No. 1 at 2; *id*. at 1. Burkhardt claims that as a practicing Catholic, he is requesting a Holy Catholic Bible in printed form. *Id*. at 6. He states the version of the bible available to inmates on the tablets is not a Catholic bible and that the tablets are not always accessible for various reasons. *Id*. On November 14, 2025, the undersigned issued an order granting Burkhardt's motion to proceed *in forma pauperis*, directing the facility to withdraw the initial filing fee and subsequent withdrawals until the filing fee was paid in full. ECF No. 3.

Prior to the Court conducting its statutory frivolousness review, Burkhardt filed a motion to voluntarily dismiss the case. ECF No. 4. Burkhardt states that since filing his

suit, he received a printed copy of the bible he requested. *Id*. at 1. He further requests the Court to dismiss the suit without prejudice and cease withdrawal of funds from his inmate trust account. *Id*.

## II.     LAW AND ANALYSIS

Liberally construing his motion, it appears Burkhardt intends to file a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.[1] Since no defendant in this matter has been served, nor has any defendant filed an answer or a motion for summary judgment, Burkhardt is entitled to dismiss his claims without a court order.[2] "[O]nce a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case is effectively terminated. The court has no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right."[3] Burkhardt has clearly communicated his desire not to pursue this case and is entitled to dismiss the case without prejudice in accordance with Rule 41(a)(1)(A)(i).

Due to Burkhardt's request for voluntary dismissal, it is recommended that his motion to dismiss be granted and that all claims against defendants Orleans Justice Center and Sheriff Susan Hutson be dismissed without prejudice. As to his secondary request, it

---

[1] When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(i) would be applicable, the fact that he fails to cite that rule or correctly style the notice of dismissal is of no significance. *Carter v. United States*, 547 F.2d 258, 259 n.2 (5th Cir. 1977).

[2] Fed. R. Civ. P. 41(A)(i) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing… a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment …."); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ("As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976) (holding that when a plaintiff has filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to dismiss or to attach any condition or burden on that right").

[3] *Bechuck v. Home Depot U.S.A., Inc*., 814 F.3d 287, 291 (5th Cir. 2016) (cleaned up).

is recommended that the Court vacate the existing order granting Burkhardt's motion to proceed *in forma pauperis* and instruct facility officials to cease future withdrawal of the filing fee from his inmate trust account.[4] Plaintiff is advised that funds properly withdrawn under the collection prior to this order will not be refunded.

### III.  RECOMMENDATION

For the aforementioned reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Voluntarily Dismiss Case Without Prejudice (ECF No. 4) be **GRANTED** and all claims against defendants Orleans Parish Justice Center and Sheriff Susan Hutson be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, in light of the voluntary dismissal, the Order Granting Leave to Proceed *In Forma Pauperis* (ECF No. 3) assessing the initial payment and directing monthly payments of the filing fee be **VACATED**, and that facility officials make no further withdrawals from the prison trust fund account for plaintiff Stanley Carl Burkhardt, #2542881, to collect filing fees for Civ. Action No. 25-2293. Plaintiff is advised that funds properly withdrawn under the collection prior to this order will not be refunded.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[4] *See Pena v. Guerra*, Civ. No. 23-166, 2024 WL 6815569, at *2 (S.D. Tex. May 20, 2024) (recommending the collection order be vacated upon granting plaintiff's motion for voluntary dismissal ceasing the withdrawal of fund from the inmate trust account), *adopted*, 2024 WL 4045487 (S.D. Tex. July 18, 2024).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[5]

Dated this 9th day of December, 2025.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[5] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).